# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| AJMAL JAHED, | ) | Case No. 10-18033-SSM |
| | ) | Chapter 7 |
| Debtor. | ) | |

## RESPONSE TO ORDER DIRECTING COUNSEL
## FOR DEBTOR TO APPEAR AT CONTINUED HEARING

COMES NOW, Counsel for Debtor Amir Raminpour and respectfully responds to the Court's Order Directing Counsel for Debtor to Appear at Continued Hearing, entered on February 3, 2011. In response, Counsel states as follows:

1. Debtor first met with Counsel on September 20, 2010.

2. At this meeting, Debtor agreed to pay a total fee of $2,000 to the Law Office of Fred M. Rejali for the initial consultation, research, preparing and filing the Chapter 7 petition, submitting all necessary paperwork and attending the meeting of creditors.

3. Debtor paid $1,000 immediately to the Law Office of Fred M. Rejali and agreed to pay the remaining balance of $1,000 thereafter.

4. A recent accounting has shown that Debtor did not pay the remaining balance of $1,000.

5. Counsel immediately began to prepare the bankruptcy petition based on the documents provided and the representations made by Debtor, as Debtor was under distress from an impending foreclosure.

6. Debtor and Counsel met a second time on September 22, 2010, in Counsel's office in order to review Debtor's bankruptcy petition and to make any necessary corrections.

Amir Raminpour, Va Bar No. 78955
Raminpour Lee, LLP
8500 Leesburg Pike, Suite 409
Vienna, Virginia 22182
(703) 942-6464

7. Debtor made no corrections and found all information contained in the bankruptcy petition and schedules to be correct and accurate. However, Debtor was unable to find his tax returns at that time, yet promised to get them to Counsel within the coming days once he was able to contact his father. Furthermore, Debtor clearly stated on more than one occasion that he did not have any bank accounts. This information or lack thereof was taken into consideration when preparing Debtor's petition and schedules.

8. On September 23, 2010, Counsel for Debtor filed Debtor's voluntary petition through the ECF system.

9. On September 30, 2010, Sandy Spring Bank filed its Motion for Relief from the Automatic Stay with respect to Debtor's property at 2901 South 2d Street, Arlington, Virginia.

10. Counsel telephoned Debtor and explained the nature of Sandy Spring Bank's motion and the possible grounds to oppose the motion. It was explained to Debtor that due to the fact that the property value had dropped so drastically, below the secured debt amount, opposing such a motion would likely be unsuccessful. Additionally, Counsel reminded Debtor that the fees paid and to be paid did not include responses or oppositions to any motions or adversarial proceedings. Debtor responded by accepting Counsel's explanations and stated that he understood.

11. The meeting of creditors was originally scheduled for November 1, 2010. When Counsel contacted Debtor to inform Debtor of the date, Debtor stated he was unavailable for that meeting and requested that it be rescheduled.

12. Counsel rescheduled the meeting of creditors to November 29, 2010.

13. Subsequently, Counsel spoke to Debtor over the telephone and again instructed him to bring any bank statements and tax returns to Counsel's office so that they could be forwarded to the Chapter 7 trustee and to amend Debtor's schedules as needed.

14. Debtor failed to produce any documents to Counsel and at this time represented that he did not have a tax return due to the fact that he did not make any money in 2009 and that he did not have any bank accounts.

15. On November 29, 2010, Debtor and Counsel appeared together for the meeting of creditors in front of the Chapter 7 trustee. At the meeting of creditors, Debtor represented that he did in fact have a 2009 tax return and bank statements, but just not with him.

16. The Chapter 7 trustee adjourned the meeting of creditors to December 27, 2010, to allow Debtor to procure the necessary documents.

17. During the period between November 29, 2010, and December 26, 2010, Counsel made numerous phone calls and wrote two (2) letters to Debtor regarding the need for the tax returns and bank statements, requesting that Debtor immediately produce them or face possible certification for dismissal by the trustee.

18. On a few occasions Debtor answered Counsel's telephone calls and stated he had the documents and would bring them to Counsel's office within the coming days. To this day, Debtor has never brought any tax returns or bank statements to Counsel or to Counsel's office.

19. Counsel left town for the holidays on December 22, 2010, and returned on December 28, 2010.

20. On December 27, 2010, while Counsel was out of town, Fred Rejali, Esq., was present at the meeting of creditors on behalf of Counsel. Debtor failed to appear at the meeting of creditors and failed to produce any documents.

21. On December 29, 2010, Counsel attempted to contact Debtor to no avail.

22. Over the next several days Counsel left numerous messages on Debtor's cellular phone stating that failure to appear at the meeting of creditors could result in the dismissal of his case and that he needed to contact Counsel immediately.

23. On February 2, 2011, Counsel learned for the first time that Debtor filed a Motion to Extend Time to Obtain Other Counsel on January 12, 2011. Neither Counsel nor Fred Rejali, Esq., was aware of the pending motion or that a date for hearing had been set. As a result, neither appeared at the hearing on February 1, 2011.

24. Counsel and Fred M. Rejali, Esq., will be present at the hearing scheduled for February 15, 2011, at 10:00 am to address the concerns raised in this Court's Order.

WHEREFORE, Counsel for Debtor respectfully requests that this Court determine that no sanctions are necessary given the facts of this case and grant his Motion to Withdraw, which was filed on February 3, 2011.

Respectfully Submitted<br>Counsel for Debtor

Raminpour Lee, LLP

By: __/s/ Amir Raminpour__
Amir Raminpour, Esq. (VSB #78955)
8500 Leesburg Pike, Suite 409
Vienna, Virginia 22182
Tel. (703) 942-6464
Fax (703) 942-6468
Counsel for Debtor

## **CERTIFICATE OF SERVICE**

       I certify that a true copy of the foregoing was sent via ECF and USPS 1st class mail to the Office of the United States Trustee; Jack Frankel, Esq.; Chapter 7 trustee; and Ajmal Jahed this 4th day of February 2011.

                                                      /s/ Amir Raminpour