# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

In re:

Ajmal Jahed,

        Debtor.

Case No. 10-18033-SSM
Chapter 7

## Motion to Examine Debtor's Transaction with Debtor's Attorney

    Comes Now, W. Clarkson McDow, Jr., United States Trustee, and moves the court pursuant to Section 329 of the Bankruptcy Code and Rule 2017 of the Federal Rules of Bankruptcy Procedure to determine if the compensation paid or agreed to be paid by the debtor to his attorney, Amir Raminpour, exceeds the reasonable value of the services rendered, and, if appropriate, order the return of any payment found to be excessive. In support of this motion the following representations are made:

1. This court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core proceeding. 28 U.S.C. § 157.

3. On September 23, 2011, Ajmal Jahed, the debtor, filed a petition for relief under chapter 7 of the Bankruptcy Code. The petition was filed by Amir Raminpour of the Fred Rajali Law Firm.

4. On Schedule A - Real Property [docket entry no. 1, page 20], the debtor listed that he owned two pieces of real estate:

Office of United States Trustee
Jack Frankel, Attorney
115 South Union Street
Alexandria, VA 22314
(703) 557-7229

Page 1 of 6

| Address | Current Value | Secured Claim |
|---|---|---|
| 2901 South 2nd Street Arlington, VA 2204 | $588,500 | $ 714,020 |
| 5912 Brill Court Falls Church, VA 22041 | $813,740 | $ 1,163,125 |

5. On Schedule B - Personal Property [docket entry no. 1, page 21], the debtor listed that he had personal property valued at $2,000.

6. On Schedule E- Creditors Holding Secured Claims [docket entry no, 1, page 25], the debtor listed that he had two secured creditors.

| Creditor | Nature of Lien | Amount of Claim | Unsecured Portion |
|---|---|---|---|
| Sandy Spring Bank | Construction Mortgage | $ 714,020 | $ 125,520 |
| Suntrust Mortgage | Mortgage Brill Court | 1,163,125 | 349,385 |
| [Total] | | 1,877,145 | 474,905 |

7. On Schedule F - Creditors Holding Unsecured Nonpriority Claims [docket entry no. 1, page 52], the debtor listed that he had unsecured claims in the total amount of $588,594.4.

8. On Schedule J - Current Expenditures of Individual Debtor(s) [docket entry no. 1, page 34], the debtor listed that he had average monthly income of $2,500 and average monthly expenses of $640 for a net monthly income of $1,860.

9. The meeting of creditors was initially scheduled for November 1, 2011.

10. The attorney for the debtor Amir Raminpour sent out a Notice of Rescheduled Meeting of Creditors [docket entry no. 18]. This notice stated in part "that the meeting of creditors has been rescheduled to November 29, 2010, and will be held at the Office of the United States Trustee." The time that the rescheduled meeting would be held was not provided.

The case docket also does not provide a time (or date) for the rescheduled meeting.

11. A rescheduled meeting was held on November 29, 2010. It was adjourned to December 27, 2010 because the following documents were not produced: (a) debtor's social security card; (b) bank statements; ( c) tax returns.

12. On information, the debtor did not appear at the December 27, 2010 meeting.

13. On January 12, 2011, the debtor filed, *pro se,* a Motion for Extension [of Time] to Pursue Other Legal Counsel [docket entry no. 20]. The motion stated, in part, "Debtor currently has no counsel or representation and faces stress due to lack of knowledge in bankruptcy matters."

14. On February 1, 2011, a hearing was held on the debtor's motion. The debtor appeared. Counsel for the debtor did not appear.

15. The hearing was continued to February 15, 2011.

16. Amir Raminpour has filed a motion to withdraw from the case [docket entry no. 27].

## Memorandum

17. Section 329 of the Bankruptcy Code gives the court the power to review the compensation paid if such payment was paid or agreement to be paid, was made after one year before the date of the filing of the petition, and to determine if the fee paid or agreement was (is) reasonable or excessive. Section 329 states:.

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered, or to be rendered in

> contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to -
>
>> (1) the estate if the property transferred-
>>> (A) would have been property of the estate; or
>>> (B) was to paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
>>
>> (2) the entity that made such payment.

18. In determining a reasonable fee, the quality of the services rendered, as well as the time spent, should be taken into account. *In re Soulisak,* 227 B.R. 77, (Bankr. E.D. VA) (1998) (Bostetter, C.J.) (The conduct of the attorney is a factor in determining a reasonable fee.).

19. The most troubling and inexplicable aspect of this case is the failure of the attorney for the debtor to respond or appear at the February 1 hearing on the debtor's *pro se* motion for time to seek other counsel. This nonappearance is troubling because, as the court stated, counsel of record must be present at all proceedings, and counsel cannot withdraw from a case without leave of court.[1] The nonappearance is also inexplicable. For a debtor with counsel of record to state in a court filing that he has no representation is a serious charge. The professional ethics of this court do not allow debtors, even "uncommunicative debtors or

---

[1] Local Bankruptcy Rule 2090(H) states "Any attorney who is counsel of record for a debtor, or debtors, in a bankruptcy case must be present and appear at all Court proceedings involved in the case unless excused or given permission to withdraw, or unless counsel has filed a pleading stating that the debtor has no objection to, or does not oppose, the relief requested, or counsel has endorsed without objection an order resolving the motion, objection, or application."

Local Bankruptcy Rule 2090-1(G) states "No attorney who has entered an appearance in any case or proceeding shall withdraw as counsel except for cause, on order of the Court after reasonable notice to the party on whose behalf the attorney has appeared."

"uncooperative debtors" to be abandoned by their attorneys.

20. The other disconcerting matters are: First, the attorney for the debtor erroneously listed 2901 South 2d Street, Arlington, VA 22201 as the debtor's residence instead of 5912 Brill Court, Falls Church, VA 22041, Order Directing Clerk to Correct Debtor's Address docket [entry no. 24]. Second, the Notice of the Rescheduled Meeting did not provide a time for the rescheduled meeting. Third, the attorney for the debtor did not have any of the documents that would be needed by the trustee: proof of debtor's social security number; tax returns and bank statements.

The failure to provide the trustee with tax returns is cause to dismiss this case. 11 U.S.C. § 521(e)(2)(B).

21. The attorney for the debtor stated that he received prior to the filing $2,000. Disclosure of Compensation of Attorney for Debtor [docket entry no. 1, page 1]. However, on information from the debtor, the debtor was charged $2,400 and has paid the attorney $1,400. The debtor still owes the attorney $1,000.

Under the circumstances of this case, the United States Trustee believes that there is no reasonable compensation for the services rendered in this case, and that all compensation received should be disgorged and all agreements for promised compensation should be cancelled.

Wherefore, the United States Trustee moves the court to determine the reasonableness of the compensation paid or agreed to be paid to the debtor's attorney, and if the compensation paid or promised to be paid exceeds the reasonable value of the services rendered, order the return of any payment found to be excessive or cancellation of any promise or agreement for payment of the unreasonable compensation or both, and grant such further relief as the court

deems fair and appropriate.

February 4, 2011:  W. Clarkson McDow, Jr.
United States Trustee

/s/ Jack Frankel
Jack Frankel, Attorney
Office of United States Trustee
115 South Union Street
Alexandria, VA 22314

Certificate of Service

    I hereby certify that on the 4th day of Februry, 2011, I mailed, United States mail, first class, postage prepaid, a copy of the motion to examine the debtor's transactions with the debtor's attorney to:

| Ajmal Jahed<br>5912 Brill Court<br>Falls Church, VA 22041 | Amir Raminpour, Esq.<br>Raminpour Lee, LLP<br>8500 Leesburg Pike, Suite 409<br>Vienna, VA 22182 |
| --- | --- |

    /s/ Jack Frankel
    Jack Frankel