UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
 )
    AJMAL JAHED ) Case No. 10-18033-SSM
 ) Chapter 7
        Debtor )

**MEMORANDUM OPINION**

A hearing was held on February 15, 2011, on (a) this court's order of February 3, 2011, directing the debtor's attorney, Amir Raminpour, Esquire, to appear and show cause why sanctions, including possible suspension from practice before this court, should not be imposed for failure to appear at a hearing on the debtor's motion to extend time "to pursue other legal counsel"; and (b) the motion of W. Clarkson McDow, Jr., United States Trustee, Region Four ("U.S. Trustee"), to examine Mr. Raminpour's transactions with the debtor. Mr. Raminpour was present in person and was represented by counsel. The U.S. Trustee was present by counsel. The debtor was present in person. The chapter 7 trustee, Kevin R. McCarthy, was not present but filed a helpful response which the court has considered. Following the hearing the court took the issues under advisement.[1]

---

[1] After the hearing, the U.S. Trustee submitted a letter, and the chapter 7 trustee filed two supplemental responses, addressing service of the debtor's "motion for extension" that precipitated the show cause order and the U.S. Trustee's motion. On March 2, 2011, the debtor filed a pleading entitled "Motion to Submit Evidence and Recover Attorney's Fees Paid," which the court construes as a motion to supplement the hearing record. Because there has been no opportunity for Mr. Raminpour to cross-examine the debtor with respect to the additional evidence he now seeks to offer, the court declines to reopen the evidentiary record.

1

Background

Ajmal Jahed ("the debtor") filed a voluntary chapter 7 petition in this court on September 23, 2010, and has not yet received a discharge.[2] The immediate impetus for the filing was a scheduled foreclosure of a house the debtor was building. He was represented in connection with the bankruptcy filing by Amir Raminpour, a licensed attorney and member of the bar of this court. At that time, Mr. Raminpour was employed by or associated with the Law Office of Fred M. Rejali, in McLean, Virginia. In the disclosure of compensation filed under Rule 2016, Mr. Raminpour certified that he had agreed to accept, and had been paid, $2,000 to represent the debtor. As it turns out, although the retainer agreement signed by the debtor required him to pay $2,000, only $1,000 of that amount (plus the $299 filing fee) had been paid before the bankruptcy petition was filed, and the remaining $1,000 has not been paid.

On his schedules, the debtor reported ownership of two parcels of real estate, both of which were seriously over-encumbered.[3] On his statement of intent, the debtor stated an intention to surrender both parcels of real estate.[4] On September 30, 2010, Sandy Spring Bank, the holder of the deed of trust against one of the parcels, filed a motion for relief from the

---

[2] On March 2, 2011, the debtor filed, *pro se*, a motion to convert his case to chapter 13. That motion has not yet been ruled upon.

[3] One, located at 2901 South Second Street, Arlington, Virginia, was scheduled as being worth $588,500, subject to a mortgage in the amount of $714,020. The other, located at 5912 Brill Court, Falls Church, Virginia, was shown as being worth $813,740, subject to a mortgage in the amount of $1,163,126.

[4] Rather bizarrely, the statement of intent lists—in addition to the two mortgage holders—22 *unsecured* creditors and states that their (non-existent) collateral would be surrendered.

automatic stay. No response was filed opposing the motion, and the court granted the motion at a hearing held on November 3, 2010.

The meeting of creditors had been scheduled for November 1, 2010. The debtor did not have copies of his last two years tax returns and proof of his social security number, both of which the trustee required. Additionally, he advised his attorney that he was unavailable on the scheduled date because of business travel. The U.S. Trustee's office agreed to continue the meeting of creditors to November 29, 2010. Mr. Raminpour gave creditors notice of the rescheduled date, but omitted to state the time. The debtor and Mr. Raminpour appeared at the rescheduled meeting, but the debtor still did not have copies of his tax returns. Additionally, it came out during the meeting that, although the schedules reported that the debtor had no bank accounts, the debtor was a joint owner of an account with his father. The trustee adjourned the meeting of creditors to December 27, 2010, to give the debtor a further opportunity to produce the tax returns and to provide account statements for the bank account. Although Mr. Raminpour's senior partner, Fred M. Rejali, appeared at the continued meeting, the debtor did not. At that point, Mr. Raminpour assumed that the U.S. Trustee would certify the debtor's failure to appear at the continued meeting of creditors, which under the local bankruptcy rules would result in an order by the clerk dismissing the case.

At some point not clearly shown by the evidence, Mr. Raminpour left the Rejali firm and now practices under the firm name of Raminpour Lee, LLP, in Vienna, Virginia. On January 12, 2011, the debtor filed, *pro se*, a pleading entitled "Motion for Extension to Pursue Other Legal Counsel." The motion stated, "Debtor currently has no counsel or representation and faces stress due to lack of knowledge in bankruptcy matters [and] . . . does not have the ability to continue

filing without proper representation and without necessary resources." Attached to the motion is a certificate of service stating a copy of the motion "will be" mailed to "all known creditors." It appears undisputed, however, that a copy was not mailed to either the trustee or Mr. Raminpour. However, the notice of electronic filing generated by the court's Case Management/Electronic Case Files (CM/ECF) system reflects the notice, with a link to the actual pleading, was emailed to Mr. Raminpour at araminpour@gmail.com.[5] Because the motion was filed *pro se*, the clerk arranged for notice of a hearing on February 1, 2011, to be mailed by the Bankruptcy Noticing Center to those parties not receiving electronic notice. The notice of electronic filing, with a link to the actual notice of hearing, was emailed to Mr. Raminpour at his gmail address.

At the hearing on February 1, 2011, only the debtor appeared. At that time the court was unaware—and the debtor did not volunteer—that the debtor had not appeared at the continued meeting of creditors on December 27, 2010 or had not provided the trustee with required documents. In an order issued following the hearing, the court stated:

> A review of the docket reflects that all required schedules, statements, and lists have been filed and that the meeting of creditors has been held. The docket does not reflect that there are any impending deadlines that could result in dismissal or premature closing of the case except for the deadline for filing a certificate of completion of financial management course, which is required for the debtor to receive a discharge. § 727(b)(11), Bankruptcy Code; Fed.R.Bankr.P. 1007(b)(7). That deadline was January 3, 2011 (60 days after the first date set for the meeting of creditors), but the court has the authority to extend that "at any time and in its discretion." Fed.R.Bankr.P.1007(c).

The court further noted, however:

---

[5] This is different from the email address, araminpour@raminpourlee.com, now shown on the docket sheet, as well as raminpour@uslawservices.com shown on the petition when the case was filed.

> The court's concern is that the debtor is represented by counsel and should not have been left to argue his own motion. The local rules of this court require—with certain exceptions not relevant here—that counsel of record for a debtor appear at <u>every</u> hearing in the case unless excused by the court or granted leave to withdraw. Loc.Bankr.R. 2090-1(H). The debtor complains, moreover, that Mr. Raminpour will not return his calls and that Mr. Raminpour did not respond to or oppose a motion for relief from the automatic stay with respect to one of the parcels of real estate the debtor owns. He also stated that he had paid Mr. Raminpour $2,400, although the statement of compensation filed by Mr. Raminpour reports receipt of $2,000. This court has authority to review, on motion of the debtor or the United States Trustee, or on its own motion, the compensation paid to the debtor's attorney and to require the disgorgement of any fees found to be excessive. §329, Bankruptcy Code. The court's concern is that Mr. Raminpour has taken the debtor's money but is neglecting his case.

The court therefore set a hearing to review the compensation paid to Mr. Raminpour or his firm and to determine whether sanctions, including suspension of practice before the court, should be imposed for failure to appear at the February 1, 2011, hearing.

In response to the order directing him to appear, Mr. Raminpour filed a both a motion for leave to withdraw as counsel and well as a detailed response to the substantive issues raised by the order. The chapter 7 trustee also filed a detailed response in which he took the position that, from his perspective, "the Debtor's counsel has been responsive and responsible. The Debtor has not."

Discussion

An attorney representing a debtor in a bankruptcy case is required to file "a statement of the compensation paid or agreed to be paid . . . for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." § 329(a), Bankruptcy Code; Fed.R.Bankr.P. 2016(b). If the compensation paid or to be paid "exceeds the reasonable value of any such services, the court may cancel any such

agreement, or order the return of any such payment, to the extent excessive[.]"  § 329(b), Bankruptcy Code; Fed.R.Bankr.P. 2017.

Mr. Raminpour represents that he does not seek any fee in the case beyond the $1,000 he has already received.  The U.S. Trustee, however, argues that Mr. Raminpour should receive *no* fee at all based on (a) the failure of the disclosure of compensation to accurately state the fee the debtor had paid; (b) Mr. Raminpour's failure to attend the hearing on the debtor's "motion for extension"; and (c) the likelihood that the bankruptcy filing will not have provided the debtor with any relief.

A.

Addressing the last point first, the U.S. Trustee contends that the debtor's case is likely to be dismissed—with the result that the debtor will not receive a discharge or any other benefit from the filing—based on the debtor's failure to appear at the continued meeting of creditors on December 27, 2010.  That very well may be, but if so, the fault is not the attorney's but the debtor's.  As the chapter 7 trustee reports in his written response to the motion, "Debtor's counsel has been responsive and responsible.  The Debtor has not."  Even then, it is by no means certain that the debtor's case will be dismissed.  The debtor explained at the hearing that the documents the trustee sought were in the possession of his father, who was living overseas, which was why the debtor had difficulty in obtaining them.  He testified that he now has them and can supply them to the trustee (although he has apparently not done so).  With respect to his failure to attend the continued meeting of creditors—the date of which was set at the prior meeting which he *did* attend—he appears simply to have forgotten.  Thus, even if the U.S. Trustee certifies the case for dismissal under the local bankruptcy rules based on the debtor's

failure to appear at the rescheduled meeting of creditors,[6] the court might, on a motion under Rule 9024 for relief from the dismissal order, vacate the dismissal and reinstate the case. But even if the court declined to grant such relief, the dismissal of the case could not properly be laid to Mr. Raminpour's charge. Thus, the mere fact that the debtor's case may be dismissed is not itself a basis for determining that Mr. Raminpour's services had no value.

B.

With respect to the disclosure of compensation, there is no question that, while correctly stating the fee the debtor had *agreed* to pay, it overstated the amount Mr. Raminpour had actually received prior to filing the petition. Mr. Raminpour explained that, in preparing the disclosure, he simply reviewed the fee agreement (which required the entire $2,000 to be paid before the petition was filed) and did not check the firm's accounting records to verify that it had.

The court certainly agrees with the U.S. Trustee on the importance of accurate fee disclosures by debtor's counsel. As this court has previously explained:

> [T]he Rule 2016 statement is not merely an incidental piece of paperwork. Quite the contrary: it is central to the court's ability to review bankruptcy fees for excessiveness, a matter that concerns not only the debtor and creditors, but also public perception of the bankruptcy system. Without complete and timely disclosure by the debtor's attorney, neither the United States Trustee nor this court can effectively exercise their respective oversight responsibilities.

---

[6] Local Bankruptcy Rule 2003-1(B)(2)(b) provides as follows:

Except as provided in LBR 1017-3, upon certification by the United States trustee that either debtor or debtor's counsel has not appeared at a meeting of creditors, or has appeared not ready to proceed, in a chapter 7 or 11 case, and it further appears, based upon information in the debtor's schedules or other reports filed by the debtor or debtor's counsel, that there will be no assets available for distribution to creditors, the Clerk shall issue an order dismissing the case.

*In re Hooper*, 2001 WL 34054526, *10 (Bankr. E.D. Va., October 29, 2001). At the same time, an *overstatement* of the amount received obviously does not raise the same concerns that either an *understatement* or complete failure to file a disclosure would. This is not to say that counsel's failure to receive the full amount of the agreed fee prior to the filing of the petition is irrelevant or without consequence. Any unpaid amount is simply a prepetition debt and is subject to discharge in the debtor's case. Obviously, a serious issue would arise if counsel were to state that the entire fee had been received when it had not and then attempted to collect the balance from the debtor after discharge. But no such effort has been made in this case, and Mr. Raminpour has advised the court that he is making no claim to the balance of the agreed fee. Additionally, the court, after hearing Mr. Raminpour's testimony, is persuaded that the error was the result of simple negligence unaccompanied by any intent to deceive. For that reason, although Mr. Raminpour's lack of care is obviously to be avoided in the future, the court does not find that it rises to the level that would justify a denial of fees or the imposition of sanctions.

C.

The remaining issue is Mr. Raminpour's failure to attend the noticed hearing on the debtor's motion for extension of time. The local bankruptcy rules clearly require counsel of record for a debtor to appear at *all* hearings in the case, with only limited exceptions:

> (1) **Appearance by Counsel for the Debtor**: Any attorney who is counsel of record for a debtor, or debtors, in a bankruptcy case must be present and appear at all Court proceedings involved in the case unless excused or given permission to withdraw, or unless counsel has filed a pleading stating that the debtor has no objection to, or does not oppose, the relief requested, or counsel has endorsed without objection an order resolving the motion, objection or application.

Loc.Bankr.R. 2090-1(H). Although Mr. Raminpour was not mailed a paper copy of the motion or the notice of hearing, he was sent notice both of the motion and of the hearing through the

8

court's CM/ECF system.  Under the local rules, electronically transmitted notice to a registered attorney through the CM/ECF system is equivalent to mailed notice.  Loc.Bankr.R. 5005-2; Case Management/Electronic Case Files (CM/ECF) Policy Statement, p. 14 (September 8, 2009) ("The Notice of Electronic Filing that is automatically generated by the Court's ECF System constitutes notice and service of the filed document on an attorney User.").  An attorney who fails to check his or her email or fails to advise the clerk of a new email address does so therefore at his or her peril.

Be that as it may, Mr. Raminpour's failure to focus on the emailed notice of electronic filing appears to have been the result, not of any general pattern of inattention or neglect of his client's case, but rather of the disruption caused by his move from one law firm to another.  Although that is no excuse, it does serve to explain and, to some extent, mitigate the failure to appear at the hearing.

Although the debtor (at the hearing at which Mr. Raminpour did not appear) also complained of Mr. Raminpour's failure to oppose Sandy Spring Bank's motion for relief from the automatic stay, the simple fact is that the statement of intent signed by the debtor reflected an intention to *surrender* the property.  Additionally, the schedules reflected that the debtor had no equity in the property.  Because this is a chapter 7 case, there could be no argument that the property was necessary for the debtor's reorganization.  Accordingly, it is far from clear how Mr. Raminpour could properly have opposed the motion for relief from the automatic stay.  To be sure, whether or not he had a legal or factual basis for opposing the motion, he should—as required by Local Rule 2090-1(H)—have appeared at the hearing unless he had previously filed a pleading stating that the debtor had no objection to the motion or unless Mr. Raminpour had

endorsed a consent order resolving the motion. And in the future the court will certainly expect Mr. Raminpour to affirmatively address relief from stay motions by filing a response, endorsing a consent order, or appearing at the hearing. But given that Mr. Raminpour (at least so far as the court is aware) has no prior record of failing to appear at hearings, and given the understandable disruption attendant on his change of firms, the court cannot find that the failure to appear at the February 1st hearing should result either in disgorgement of fees or the imposition of sanctions. A future failure, of course, would present a very different issue, and the court trusts that Mr. Raminpour will govern himself accordingly.

D.

There remains the issue of whether the $1,000 the debtor paid to Mr. Raminpour is "excessive" for the work that was performed. It is undisputed that Mr. Raminpour prepared and filed on the debtor's behalf the petition, all required schedules and statements, and the credit counseling certificate. He also obtained a continuance of the original meeting of creditors, appeared at the rescheduled meeting, and arranged for another attorney to appear when the meeting of creditors was further continued. In short, Mr. Raminpour did all that would normally have been required in a typical consumer chapter 7 case except for filing the certificate of completion of financial management course. The court can take judicial notice that $1,000 is within the range of fees charged in consumer chapter 7 cases in the Alexandria Division of this district. For that reason, the court cannot find that the $1,000 paid by the debtor exceeds the reasonable value of the services provided. However, since Mr. Raminpour has effectively disclaimed any entitlement to the remaining $1,000 of the agreed fee, the court, to avoid any

future controversy, will enter an order cancelling the fee agreement to the extent it requires payment of any sum in excess of the $1,000 already paid.

Separate orders will be entered consistent with this opinion.[7]

Date: _____        _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge


Copies to:

Amir Raminpour, Esquire
Raminpour Lee, LLP
8500 Leesburg Pike, Suite 409
Vienna, Virginia 22182
Respondent

Ajmal Jahed
5912 Brill Court
Falls Church, VA 22041
Debtor *pro se*

Jack Frankel, Esquire
Office of the U.S. Trustee
115 South Union Street, Ste. 210
Alexandria, VA 22314

Kevin R. McCarthy, Esquire
1751 Pinnacle Drive Suite 1115
McLean, VA 22102
Chapter 7 trustee

---

[7] The oral motion of Mr. Raminpour's counsel, made during closing argument, for an award of sanctions against the debtor and the U.S. Trustee is denied.